UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00066-FDW-DSC

| GREGORY ARTHUR REID JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| CHARLOTTE MECKLENBURG SCHOOLS, | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Plaintiff Gregory Arthur Reid Jr.'s Motion for Leave to File a Second Amended Complaint, (Doc. No. 9).

Pro se Plaintiff Gregory Arthur Reid Jr. ("Plaintiff") alleged in his initial Complaint, (Doc. No. 1), that he was discriminated against when certain employees of Charlotte Mecklenburg Schools failed to hire him based on his race and his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Prior to the service of the complaint to the named Defendant, Plaintiff filed an Amended Complaint on March 19, 2014. (Doc. No. 4). In his Amended Complaint, Plaintiff amended the name of the Defendant from "Dr. Maureen Furr, Principal" to "Charlotte Mecklenburg Schools." On June 5, 2014, Plaintiff filed a Motion to File a Second Amended Complaint based on the fact that Plaintiff has recently learned that "Charlotte Mecklenburg Schools" is not considered an "employer" in civil lawsuits. (Doc. No. 9).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has declared that

1

"this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The law is well-settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been a bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 5509 (4th Cir. 1986). Delay is not a sufficient reason alone to deny leave to amend. See id. Rather, the delay must be accompanied by bad faith, prejudice, or futility. See id. Here, there is no evidence that Plaintiff's request to amend was made in bad faith. Further, there is no evidence that allowing amendment will prejudice Defendant. Lastly, it is not readily apparent that the amendment would be futile.

Additionally, in North Carolina, "the board of education" in each county is a "body corporate" that is charged with "prosecuting and defending suits for or against the corporation." N.C. Gen. Stat. § 115C-40. This Court has recognized that "Charlotte-Mecklenburg Schools is not a corporate entity subject to suit under North Carolina law" and "the local board of education is the relevant corporate entity." Pearson v. Charlotte-Mecklenburg Sch., 3:12-CV-334-RJC-DSC, 2013 WL 122115 (W.D.N.C. Jan. 8, 2013). Under the North Carolina statute, the body corporate charged with defending lawsuits against the corporation shall go by the name of "The _____ County Board of Education." N.C. Gen. Stat. § 115C-40. Here, Plaintiff has named "Charlotte Mecklenburg Schools" as Defendant in his Amended Complaint. Therefore, Plaintiff's request to amend the name of the Defendant is reasonable.

Plaintiff also has pending a Motion to Strike Defendant's Affirmative Defenses & Memorandum of Law & Authorities in Support of Motion. By amendment, the Motion to Strike is moot as a matter of law. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001)

("[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); see also Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)1 ("Defendants' motion to dismiss is addressed solely to the original complaint. . . . Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss . . . became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). The Motion to Strike will be denied without prejudice as moot.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have **fourteen (14) days** from the entry of this Order to File a Second Amended Complaint naming the proper party as Defendant and serve summons upon the proper Defendant, and the Plaintiff's Motion to Strike is DENIED as moot.

Signed: September 22, 2014

Frank D. Whitney
Chief United States District Judge