UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00066-FDW-DSC

| | |
|---|---|
| GREGORY ARTHUR REID JR., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHARLOTTE MECKLENBURG )<br>SCHOOLS, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. No. 38), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiff responded in timely manner (Doc. No. 40), and Defendant then replied to Plaintiff's Response (Doc. No. 41). Plaintiff then filed a Partial Motion to Strike Defendant's Reply (Doc. No 43). Defendant then filed its Response and Objection to Plaintiff's Partial Motion to Strike (Doc. No. 45). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss Count 1 of Plaintiff's Second Amended Complaint; **DENIES** Defendant's Motion to Dismiss Counts 2, 5, 6, and 7 of Plaintiff's Second Amended Complaint; and **DENIES** Plaintiff's Partial Motion to Strike Defendant's Reply.

I. BACKGROUND

*Pro se* plaintiff Gregory Arthur Reid, Jr. ("Plaintiff") initially filed this action in this Court on February 10, 2014. Plaintiff filed his Second Amended Complaint in this Court on October 20, 2014. (Doc. No. 27). Plaintiff is a former employee at the South Mecklenburg High School within the Charlotte-Mecklenburg School Board of Education ("Defendant") and is alleging

1

discrimination by Defendant in failing to re-hire him because of his race and sex, as well as retaliatory employment discrimination. (Doc. No. 27).

On May 7, 2013, Plaintiff filed Charge No. 430-2013-01501 ("Plaintiff's EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race and retaliation. (Doc. No. 40, p. 13). On June 28, 2013, Plaintiff filed an amended version of Charge No. 430-2013-01501 ("Amended Charge") with the EEOC attempting to widen the scope of his charge by providing additional facts alleging discrimination. (Doc. No. 40, p. 17-8). On December 9, 2013, the EEOC issued Plaintiff a "Right to Sue" letter, notifying him of his statutory right to file suit based on his EEOC charge under federal law within ninety (90) days of receipt of the "Right to Sue" letter. (Doc. No. 40, p. 19).

## II. ANALYSIS

Defendant moves this Court to dismiss Counts 1 (discrimination based on race), 2 (discrimination based on race and gender), 6 (discrimination based on race and gender), and 7 (discrimination based on race), and all discrimination claims in Count 5 of Plaintiff's Second Amended Complaint. Defendant argues that this Court lacks subject matter jurisdiction over these claims because Plaintiff failed to exhaust the administrative remedies required to file a suit under Title VII. Plaintiff moves this Court to partially strike the Defendant's Reply. (Doc. No. 43). Plaintiff argues that Defendant presented new arguments and factual misstatements that frustrate the true intent and purpose of these proceedings.

1. **Subject Matter Jurisdiction**
    a. **Standard of Review**

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction exists when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of subject matter jurisdiction may be raised at any time either by a litigant, or by the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). In a discrimination context, 42 U.S.C. § 2000e-5(f)(3) grants subject matter jurisdiction to federal district courts over actions brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). Chris v. Tenet, 221 F.3d 648, 651 (4th Cir. 2000).

### b. Failure to Exhaust Administrative Remedies

#### i. Motion to Dismiss Count 1

In Count 1 of the Second Amended Complaint, Plaintiff asserts a claim of discrimination under Title VII against Defendant for conduct that occurred "[o]n or about August 12, 2012." Plaintiff filed the administrative charge relating to Defendant's refusal to hire him on May 7, 2013. Defendant argues that the Court lacks subject matter jurisdiction over Count 1 because Plaintiff failed to exhaust administrative remedies concerning a Title VII claim. (Doc. No. 39). Defendant argues that Plaintiff did not file a discrimination charge with the EEOC within 180 days of the alleged discriminatory act relating to this cause of action. Furthermore, Defendant argues that the "continuing violation doctrine" does not apply to discrete acts of discrimination such as refusal to hire. Id. Plaintiff argues that the continuing violation doctrine should apply because the

3

discriminatory nature of the acts within Count 1, Defendant's refusal to recommend Plaintiff, was only noticeable after the onset of additional acts of discrimination. (Doc. No. 40).

"[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Marsh v. CBD Media Corp., WL 3151946, at *3 (W.D.N.C. Sept. 24, 2009) (quoting Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). "Title VII claims may only be brought in federal court after the EEOC has investigated the claim, made a determination as to the claim's merit, and issued a right-to-sue notice." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 138 (4th Cir. 1995) (citing 42 U.S.C. § 2000e-5(b)).

The continuing violation doctrine does not apply to claims alleging refusal to hire for discriminatory purposes. Each discriminatory act of refusing to hire an individual is a discrete act for the purposes of timely filing. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-11 (2002); see Williams v. Giant Food Inc., 370 F.3d 423, 429 (4th Cir. 2004). The continuing violation theory does not apply to discrete acts of allegedly discriminatory discipline. Shipman v. United Parcel Serv., Inc., 581 Fed. Appx. 185, 187 (4th Cir. 2014). The Fourth Circuit refused to extend the limitations period for discrete acts of discrimination even to those that occurred as part of a policy of discrimination. Williams, 370 F.3d at 429 (discrete acts of discrimination "are not actionable if time-barred, even when they are related to acts alleged in timely filed charges."). Thus, Plaintiff must file an administrative charge with the EEOC for a discrete act of discrimination within 180 days of the alleged conduct unless the charge was initially filed with a state deferral agency. Id. at 428; Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir. 1998).

Plaintiff filed the EEOC charges relating to the discriminatory acts stated in Count 1 on May 7, 2013. Thus, Plaintiff filed this incident with the EEOC, and not a state deferral agency, 268 days after August 12, 2012, which is well outside the limitations period for discrete acts of discrimination. Therefore the Court lacks subject matter jurisdiction over Count 1 of this claim. Accordingly, Defendant's Motion to Dismiss Count 1 is **GRANTED**.

### ii. Motion to Dismiss Counts 2, 5, 6, and 7

Defendant argues that this Court lacks subject matter jurisdiction over Counts 2, 5, 6, and 7 because Plaintiff failed to exhaust his administrative remedies over these claims. Defendant argues that the factual allegations alleging the discriminatory hiring practices stated in these counts are discrete acts beyond the scope of Plaintiff's Amended EEOC charge. (Doc. No. 39). Plaintiff argues that the factual allegations stated in his formal litigation are well within the scope of the factual allegations reported to the EEOC and the scope of the administrative investigation that followed. (Doc. No. 40).

The Fourth Circuit recognizes that *pro se* EEOC claimants are entitled to a substantial amount of indulgence. Agolli v. Office Depot, Inc., 548 Fed. Appx. 871, 876 (4th Cir. 2013); see Alvarado v. Bd. of Trs., 848 F.2d 457, 460 (4th Cir. 1988) ("Title VII does not require procedural exactness from lay complainants: EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." (internal quotation marks omitted)). The regulations specifically allow that "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Agolli, 548 Fed. Appx. at 876; § 1601.12(b). The scope of the civil action is confined only by the scope of the

administrative investigation that can reasonably be expected to follow the charge of discrimination. Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir.1981). The factual allegations in the administrative charge should be reasonably related to the factual allegations in the formal litigation. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005)

This Court finds that the factual allegations in Counts 2, 5, 6, and 7 of the Second Amended Complaint are within the scope of the administrative investigation. Unlike the discrete act of discrimination stated in Count 1, the factual allegations stated in Counts 2, 5, 6, and 7 did not occur more than 180 days before the First EEOC charge was filed. It appears that the substance of Plaintiff's causes of action in Counts 2, 5, 6, and 7 fit well within the scope of the EEOC's administrative investigation because Plaintiff continued to update Renne Grube, an Equal Opportunity Investigator at the U.S. EEOC Charlotte District Office, during the EEOC investigation with factual allegations reasonably related to the claims at hand. (Doc. No. 40). Thus, Plaintiff exhausted his administrative remedies as to these claims, and the Court has subject matter jurisdiction over them. Accordingly, Defendant's Motion to Dismiss Counts 2, 5, 6, and 7 is **DENIED**.

2. **Plaintiff's Partial Motion to Strike Defendant's Reply**

Plaintiff moves this Court to strike "the 3rd and 4th argument contained within the Defendants Reply." (Doc. No. 43). Plaintiff's arguments in support of his Partial Motion to Strike are based on his assertions that the Defendant "stepped outside the realms of judicial precedent in an attempt to unfairly advance their argument" by utilizing their Reply to Plaintiff's Response to present new arguments and factual misstatements.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original).

Therefore this Court finds that striking Defendant's Reply is unnecessary and an inappropriate relief for the reasons set forth by Plaintiff. Accordingly, Plaintiff's Partial Motion to Strike is **DENIED**.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Portion of Plaintiffs' Amended Complaint (Doc. No. 38) is **GRANTED** in part and **DENIED** in part. Specifically, with respect to Count 1 of Plaintiff's Second Amended Complaint, (Doc. No. 27), Defendants' Motion to Dismiss is **GRANTED**. With respect to Counts 2, 5, 6, and 7 of Plaintiff's Second Amended Complaint, (Doc. No. 27), Defendants' Motion to Dismiss is **DENIED**. Finally, Plaintiff's Partial Motion to Strike Defendant's Reply is **DENIED**.

**IT IS SO ORDERED**.

Frank D. Whitney
Chief United States District Judge